Filed 12/3/15  P. v. Zammarippa CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B260832 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. BA419468) |
| DAVID JOE ZAMMARIPPA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Mark A. Young, Judge.  Affirmed with modification.

Stephen Temko, under appointment by the Court of Appeal, for Defendant and Appellant

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Blythe J. Leszkay, Deputy Attorney General for Plaintiff and Respondent.

\* \* \*

A jury convicted David Joe Zammarripa (defendant) of kidnapping to commit robbery, and the trial court imposed a sentence of life in prison with parole eligibility after 17 years.  On appeal, defendant argues that that court erred in not striking his 1995 attempted robbery conviction as a "strike" under the "Three Strikes" law, and that the abstract of judgment is incorrect.  We agree with defendant on the second point, but conclude that the court did not abuse its discretion in denying his motion to strike.  We accordingly affirm with instructions to modify the abstract of judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

Defendant approached a 63-year-old woman sitting in her Porsche, accused her late husband of causing him to lose his house, slapped her in the head a few times, shoved her into the passenger's seat, got into the car and started driving.  He insisted that she owed him money.  As they drove, defendant pulled out a gun and told her that it was "exactly like [the gun] held at your [adult] son's head right now."  Defendant eventually let the woman go, and abandoned her car elsewhere.  No one ever threatened the woman's son.

The People charged defendant with kidnapping to commit robbery (Pen. Code, § 209, subd. (b)(1)).[1]  The People further alleged that defendant personally used a firearm (§ 12202.53, subd. (b)); that his 1995 conviction for attempted robbery (§§ 211, 664) constituted a strike within the meaning of the Three Strikes law (§§ 667, subds. (b)-(j), 1170.12, subds. (a)-(d)); and that he had served seven prior prison terms (§ 667.5, subd. (b)).

Defendant proceeded to trial, and a jury convicted him of the kidnapping offense but was unable to reach a verdict on the firearm enhancement.  After defendant admitted the prior convictions, the trial court proceeded to sentencing.  The court announced a tentative prison sentence of 21 years to life:  The statutory minimum sentence of 7 years to life for the kidnapping offense, doubled to 14 years because of the prior strike, plus

---

[1]      Unless otherwise indicated, all further statutory references are to the Penal Code.

another one year for each of the seven prior prison terms. Defendant moved to strike his 1995 prior conviction because the 1995 attempted robbery was "just a struggle over a $20 bill" that involved "no weapons" and caused "no injuries"; because the current kidnapping offense involved "relatively minor" injuries; and because defendant's intervening seven criminal convictions were "nonserious." The court agreed that the victim's physical injuries in the present case were "on the lower end," but noted that kidnapping was a "very serious offense," that the kidnapping here was an "incredibly traumatic event for the victim," and that "there was evidence from the victim that a gun was used." The court also noted that defendant's criminal history, while "more minor than perhaps others," was nevertheless "relatively prolific." The court accordingly denied the motion to strike the strike, but struck four of the seven prior prison sentence allegations because they involved offenses that would be reduced to misdemeanors under the recently enacted Proposition 47 (§ 1170.18). The court then imposed a sentence of life in prison with parole eligibility after 17 years.

Defendant timely appeals.

## DISCUSSION

### I. Refusal To Strike Prior "Strike"

A trial judge has the discretion to strike (that is, to dismiss) an allegation by the People that a defendant's prior conviction constitutes a strike within the meaning of the Three Strikes law. (§ 1385, subd. (a); *People v. Williams* (1998) 17 Cal.4th 148, 162.) In deciding whether to exercise that discretion, a trial court is to "'consider whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [Three Strikes] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies.' [Citation.]" (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).) We review the trial court's decision for an abuse of discretion. (*Id.* at p. 373.)

3

Defendant argues that the trial court abused its discretion for two reasons. First, he contends that the court erred in giving weight to defendant's use of a gun because the jury was unable to reach a verdict on the firearm allegation. To be sure, a trial court abuses its discretion when it "consider[s] impermissible factors in declining to dismiss." (*Carmony*, *supra*, 33 Cal.4th at p. 378.) But there was nothing wrong with considering defendant's use of a firearm. Courts may consider conduct of which a defendant was acquitted during sentencing as long as the evidence establishes "such conduct by a preponderance of the evidence." (*In re Coley* (2012) 55 Cal.4th 524, 557; *United States v. Watts* (1997) 519 U.S. 148, 155-157.) A court may certainly do the same when the jury is unable to reach a verdict. The trial court's discussion of the evidence regarding the gun and its reliance on that fact constitutes an implied finding that a gun was used. (See *People v. Garcia* (2008) 167 Cal.App.4th 1550, 1566.) The record amply supports that finding: Although the victim's description of the gun was arguably inconsistent, she was unequivocal about defendant's use of a gun.

Second, defendant asserts that the trial court, in weighing the factors noted above, gave insufficient weight to the minor nature of the current offense (namely, that the victim was not physically injured) and the age and minor nature of the 1995 prior attempted robbery conviction (namely, that it was effectively a tug of war over a $20 bill). Defendant does not argue that the court did not carefully consider or weigh these factors; nor could he, because the record makes clear that the court conscientiously did so. Where, as here, "'the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law,'" we will affirm, "'even if we might have ruled differently in the first instance' [Citation]." (*Carmony*, *supra*, 33 Cal.4th at p. 378.) Further, in light of defendant's extensive criminal history, the nature of his prior attempted robbery conviction, and the circumstances of the current case, the decision whether to strike the prior conviction is one on which "reasonable minds could differ"; it was thus not an abuse of discretion. (*Ibid.*)

4

**II.      Abstract of Judgment**

The trial court orally sentenced defendant to a term of life in prison with parole eligibility after 17 years, but the abstract of judgment reflects a sentence of life without possibility of parole.  Because the oral pronouncement of sentence controls (*People v. Mitchell* (2001) 26 Cal.4th 181, 185), the abstract must be corrected to reflect the sentence imposed.

## DISPOSITION

The trial court is ordered to correct the abstract of judgment to reflect a sentence of a term of life in prison with parole eligibility after 17 years. The court is further ordered to forward a copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
                                                  HOFFSTADT


We concur:


_____, Acting P.J.
ASHMANN-GERST


_____, J.
CHAVEZ

5